STATE OF NORTH CAROLINA
WAKE COUNTY

BEFORE THE STATE BOARD OF ELECTIONS

| | |
|---|---|
| IN RE: REFERRAL BY WAKE COUNTY ) | |
| BOARD OF ELECTIONS OF PROTEST ) | **ORDER** |
| OF JOAN ERWIN ) | |

THIS MATTER CAME BEFORE THE STATE BOARD OF ELECTIONS ("State Board") for hearing via WebEx on December 18, 2020, on the referral of the Wake County Board of Elections ("Wake CBE") after it determined, following a hearing on an election protest, that Timothy Gunther, the prevailing candidate in the 2020 general election for District Court Judge, District 10-F Seat 2, was disqualified.

The State Board heard argument from Josh Howard, counsel to the second-place candidate Beth Tanner. The protestor, Joan Erwin, did not present argument and deferred to Ms. Tanner's counsel. Having considered argument and written submissions from interested parties, relevant statutes, and basing its decision upon the whole record, the State Board hereby finds, concludes, and orders as follows:

FINDINGS OF UNDISPUTED FACTS

1. In the November 2020 general election contest for District Court Judge for District 10F, Seat 2, candidate Gunther received 59,705 votes (56.19%), and candidate Tanner received 46,553 votes (43.81%).

2. On October 29, 2020, Joan Erwin, a qualified voter for this contest, filed an election protest with the Wake CBE contending that Gunther did not reside in District 10-F. Gunther updated his voter registration form on December 12, 2019, to reflect that he resided at 821 Hepplewhite Court in Fuquay-Varina, and he filed for the office shortly thereafter. Erwin contended that Gunther does not reside at that address, but instead resides at 103 Solway Court in Cary.

3. The Wake CBE conducted an evidentiary hearing on November 18, 2020, and unanimously determined that Gunther did not meet the constitutional and statutory requirement to reside in the district. The order explains that Gunther's attorney admitted at the start of the hearing that Gunther did not complete his move to the district. The Wake CBE referred the matter to the State Board "in accordance with G.S. 163-182.10(d)(2)(e) for further action."

4. The findings of fact in the Wake CBE's order are hereby adopted.

5. Tanner argued to the State Board that she should be certified as the winner because Gunther's candidacy was "void ab initio." She claimed that Tanner was the only qualified candidate on the ballot and effectively ran unopposed, and that district judge seats often present only one candidate, which is what occurred in this election.

## CONCLUSIONS OF LAW

6. The State Board has jurisdiction over this matter pursuant to G.S. 163-182.10(d)(2)e.

7. The protest of Joan Erwin was properly sustained by the Wake CBE. Because the prevailing candidate, Gunther, did not meet the residency requirements for the office he sought, he was an ineligible candidate and cannot be certified the winner of the November 2020 election for the office of district judge for District 10-F.

8. As the runner up, Tanner also cannot be certified as the winner. Tanner cites no authority supporting the proposition that a candidate who failed to receive a plurality of the votes in a general election may be certified as the winner. G.S. § 163-182.15(d) provides that the candidate who gets the most votes is the winner: "In a general election, the individuals having the highest number of votes for each office shall be declared elected to the office, and the certificate shall be issued accordingly." Tanner did not receive the most votes and therefore is not the winner. As the North Carolina Supreme Court explained in *Duncan v. Beach*, 294, N.C. 713 (1978):

> It is a fundamental idea in all republican forms of government that no one can be declared elected and no measure can be declared carried unless he or it receives a majority or a plurality of the legal votes cast in the election. Accordingly, numerous courts have held that when a majority or plurality of votes are cast for an ineligible candidate, the fact that the winning candidate is ineligible and not qualified to take office does not entitle the runner-up to be declared elected to the contested office. The votes cast for an ineligible candidate, though not effective to entitle him to the office, are nonetheless not void; they are to be given effect in determining the result of the election as regards the other candidates.
>
> In this country the great current of authorities sustains the doctrine that the ineligibility of the majority candidate does not elect the minority candidate. And this without reference to the question whether the voters knew of the ineligibility of the candidate for whom they voted. It is considered that in such a case the votes for the ineligible candidate are not void.

(Emphasis added and citations omitted).

9. G.S. § 128-7.1 provides the statutory mechanism for filling a vacancy when a candidate in a general election dies or becomes disqualified after Election Day: "If any person who has been elected to public office (i) dies or becomes disqualified for the office before qualifying for the office, or (ii) for any reason refuses to qualify for the office, the office shall be declared vacant. Unless otherwise provided by law, such vacancy shall be filled by appointment by the authority having the power to fill vacancies as prescribed by law."

10. The provisions of G.S. § 163-114 are inapplicable in this circumstance because that section applies only if a candidate dies, resigns, or becomes disqualified or ineligible "before the date of the ensuing general election." It therefore permits the district executive committee of the political party in which the vacancy occurs to name a replacement *nominee* for district court judge, to then be voted on by the electorate.

11. Because Gunther was disqualified after Election Day, the vacancy should be filled pursuant G.S. § 128-7.1.

IT IS THEREFORE ORDERED, by a 3-2 vote of the State Board, that:

Because of the disqualification of Timothy Gunther, resulting in the inability to certify the winner of the November 2020 election for the office of District Court Judge, District 10-F, Seat 2, that office will be vacant as of January 1, 2021. The Governor shall be notified of the vacancy.

This the 21st day of December, 2020.

Damon Circosta, Chair
STATE BOARD OF ELECTIONS

3
Case 5:21-cv-00014-D   Document 1-2   Filed 01/12/21   Page 3 of 4

## Certificate of Service

I, Katelyn Love, General Counsel for the State Board of Elections, do hereby certify that the foregoing materials were deposited to the care and custody of FedEx to:

Josh Howard
115 1/2 West Morgan Street
Raleigh, NC 27601

Joan Erwin
3244 Grand Oak Lane
New Hill, NC 27562

This the 21st day of December, 2020.

*Katelyn Love*
—————————————
Katelyn Love
General Counsel
N.C. State Board of Elections