WAKE COUNTY OF NORTH CAROLINA
WAKE COUNTY

BEFORE THE WAKE COUNTY BOARD OF ELECTIONS

IN RE: PROTEST OF JOAN ERWIN           )
                                       )
                                       )   **ORDER**
                                       )

THIS MATTER CAME BEFORE THE WAKE COUNTY BOARD OF ELECTIONS ("Board") on November 18, 2020 in an election protest ("Protest") filed pursuant to G.S. 163-182.9 and G.S. 163-127.2, by Joan Erwin ("Protestor"), regarding the qualifications of candidate Tim Gunther ("Gunther" or "Candidate"), based on residency, to run for office in the Wake County District Court Judge 10-F contest (the "Contest"), .

The State Board heard opening statements from the Protestor and her attorney, David M. Ledford and attorney Karl Knudsen on behalf of the Candidate and oral testimony from Don Carrington and Beth Tanner. Having considered the Protest Petition inclusive of its attachments, sworn Affidavits, arguments from interested parties, relevant statutes, and basing its decision upon the evidence presented, the Board hereby finds, concludes, and orders as follows:

## FINDINGS OF UNDISPUTED FACTS

1. Gunther was one of two candidates for the Contest in the November 3, 2020 general election and is a registered voter in Wake County, North Carolina. The other candidate was Beth Tanner.

2. Protestor filed an election protest petition ("Protest Petition") with the Board on or about October 29, 2020, pursuant to G.S. 163-127.2(c) and GS 163-182.9 contending the Gunther did not reside in Judicial District 10-F and did not meet the constitutional qualifications for office, specifically residency, which constitutes a violation of election law, irregularity, or misconduct sufficient to cast doubt on the apparent results of the election.

3. Protestor further contended in the Protest Petition that Gunther did not reside at the 821 Hepplewhite Court, Fuquay-Varina address provided for on his updated voter registration form dated December 12, 2019 and an amended Notice of Candidacy Form dated December 16, 2019 filed with the State Board of Elections. Instead, Protestor contends Gunther resides at 103 Solway Court, Cary, which is not in District 10-F and instead is in District 10D, where Gunther originally filed to run for District Court on April 26, 2019.

4. At the time of the filing of the Protest Petition, the vote totals for the subject Contest had not been finalized as to the Board had not yet conducted the canvass, but the unofficial results indicated Tim Gunther was ahead of opponent Beth Tanner.

5. The Board held a preliminary consideration hearing on the Protest Petition on November 13, 2020, prior to finalizing its canvass for the November 3, 2020 general election, finding probable cause based solely on the written allegations in the Protest Petition and advanced this matter to a full evidentiary hearing.

6. In opening statements, the Protestor requested that the Board subpoena additional witnesses for purposes of conducting a full evidentiary hearing. The Board made no ruling on this request.

7. At the outset of the hearing, Gunther's attorney made an opening statement as to the general legal qualifications of Gunther but stated that he and his client would not participate in the Protest or contest the proceedings. He further stated that Gunther was unable to complete his planned move to Fuquay-Varina as a result of Covid-19 for purposes of establishing residency for the judgeship in which he was elected, District 10-F. Gunther made no statements.

8. The Board took judicial notice of the Protest Petition submitted by the Protestor and all accompanying exhibits attached thereto, being those exact same exhibits considered at the Board's probable cause consideration, which include, among other documents: tax records indicating Gunther as the record owner of the residence located at 103 Solway Ct., Cary; tax records for 821 Hepplewhite Court, Fuquay-Varina; and a report of from Pat Williams, a NC licensed private investigator, with detailed dates and times of Gunther located at the Cary residence in January 2020 and August 2020.

9. As additional evidence, the Protestor submitted numerous sworn Affidavits from third parties alleging that Gunther did not reside in Judicial District 10-F on or around the filing of his amended Notice of Candidacy in December 2020 and the months and days leading up to and following the November 3, 2020 election, but instead he resided at the 103 Solway Court, Cary. All Affidavits submitted were entered into evidence.

10. Don Carrington provided oral testimony as to investigative work he conducted in October of 2020 concerning whether Gunther resided in District 10-F. Don Carrington had a telephone conversation with Mr. Gunther on October 14, 2020 wherein Mr. Gunther informed Mr. Carrington he was planning to sell his Cary residence and stated he was renting a home with his daughter in Fuquay-Varina. Mr. Carrington testified that Mr. Gunther's daughter owned the Fuquay-Varina residence in question and that it would be improbable for her to rent a home she owned. Mr. Carrington further testified that he wrote a news article soon after the telephonic account with Gunther which was published in the Carolina Journal and submitted as part of the Protest Petition.

11. Beth Tanner provided oral testimony and a timeline of dates she prepared based on the Affidavits submitted into evidence. On November 15, 2020, Ms. Tanner personally observed trash collected from a trash receptacle located outside 103 Solway Court, Cary, which included mail addressed to Gunther at the Cary residence, billing statements with Gunther's name and Cary address and other mail and receipts with Gunther's personal information located thereon. The timeline was entered into evidence.

12. Following a request by the Protestor's attorney to have admitted into evidence the statements of admission made by Gunther's attorney in opening statements as to residency, the Board requested staff to print handwritten notes and entered said notes into evidence for purposes of verifying the actual statements made in the proceeding.

13. Protestors and her attorney argued that Mr. Gunther's attorneys' statements were conclusive that Mr. Gunther did not reside within the District for which he was residing.

14. The board finds as a fact that Candidate did not reside in Judicial District 10-F as the term "reside" is defined by law.

15. The board finds as a fact that at the time of his election, Candidate was not a resident of the judicial district to which he was elected as by law required.

## CONCLUSIONS OF LAW

1. The Board has jurisdiction over this matter pursuant to G.S. 163-182.10.

2. Protestor is properly before the Board pursuant to G.S. 163-182.9(a) as a registered voter eligible to vote in District 10-F and timely filed the Protest in accordance with G.S. 163-182.9(b)(4)(c) prior to the Board's completion of canvass.

3. Candidates for district court races in North Carolina are required to file a notice of candidacy with the State Board of Elections in accordance with G.S. 163-106.2 which are subject to cancelation by the Board during the verification process if the candidate does not meet the constitutional or statutory qualifications for office, including residency. The Board relied on the address provided by the Gunther, also being his voter registration address, in verifying his Notice of Candidacy form in accordance with G.S. 163-106.5 for Judicial District 10-F.

4. The North Carolina Constitution instructs "Every District Judge shall reside in the district for which he is elected." N.C. Const. Art. IV, § 10.

5. For purposes of determining the residency of a candidate, G.S. 163-57 provides "[i]n the event that a person's residence is not a traditional residence associated with real property, then the location of the usual sleeping area for that person shall be controlling;" and "that residence shall be broadly construed; and that, in all cases, a residence is that habitation "to which whenever that person is absent, that person has the intention of returning."

6. In an election protest, the burden of proof is on the protestor to prove an outcome-determinative violation by "substantial evidence." See generally G.S. § 163-182.10(d)(2). See *Appeal of Ramseur*, 120 N.C. App. 521 (1995) ("In sum, we conclude that in an action to invalidate an election or referendum, the burden of proof is upon the unsuccessful party to show that the outcome of the election or referendum would have been different absent irregularities in the voting process."). The burden was on Protestor before the Board for factual determinations regarding residency.

7. The Board in sustaining a Protest must find "substantial evidence", which is such relevant evidence as a reasonable mind might accept adequate to support a conclusion and is more than a scintilla or a permissible inference. The court should take into account contradictory evidence from which conflicting inferences could be drawn. See *Rotruck v. Guilford County Board of Elections*, 267 N.C. App. 260 (2019). The evidence presented at the hearing by Protestor and the admission by Gunther through counsel that he was "unable to complete his move" constitutes substantial evidence that Gunther never abandoned his Cary residence located in District 10-D to establish residency in District 10-F.

8. Protestor has met the burden of showing by substantial evidence in accordance with G.S. 163-182.10(d) that Gunther did not reside in Judicial District 10-F at the time of filing his Notice of Candidacy or at the time of the general election on November 3, 2020 and was therefore ineligible as a candidate in the District 10-F Contest.

9. Candidate is not eligible to be certified as the duly elected District Court Judge from Judicial District 10F.

10. To the extent that any conclusion of law herein constitutes a finding of fact or vice versa, each is incorporated herein into the other.

IT IS THEREFORE ORDERED, by unanimous vote of all five WAKE COUNTY BOARD OF ELECTIONS members that this matter be referred to the North Carolina State Board of Elections in accordance with G.S. 163-182.10(d)(2)(e) for further action.

This the 19th day of November, 2020.

WAKE COUNTY BOARD OF ELECTIONS

_____
Greg Flynn, Chair

## Certificate of Service

I, Greg Flynn, Chair for the Wake County Board of Elections, do hereby certify that that the foregoing materials were deposited to the care and custody of the U.S. Postal Service using certified mail, with an electronic copy where indicated:

David Lefkow
1209 Prairie Pond Cir
Raleigh, NC 27614-8678
David.lefkow@sbcglobal.net
*Counsel for Joan Erwin*

Karl E. Knudsen
PO Box 2372
Raleigh, NC 27602
*Counsel for Tim Gunther*

Tim Gunther
PO Box 185
Raleigh, NC 27602-0185
timgunther@earthlink.net

Via U.S. Mail, with an electronic copy where indicated:
Joan Erwin
3244 Grand Oak Lane
New Hill, NC 27562

Beth Tanner
709 Walcott Way
Cary, NC 27519

Katelyn Love
General Counsel
N.C. State Board of Elections
430 N Salisbury St
6400 Mail Service Center
Raleigh NC 27603-1362
Legal@ncsbe.gov

This the 20th day of November, 2020.

Greg Flynn