UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Civil Action No. 5:21-cv-00014-D

BETH TANNER, MELISSA BARBOUR, and LUCAS MILLER,

    Plaintiffs,

v.

ROY COOPER, in his official capacity as Governor of North Carolina, DAMON CIRCOSTA, in his official capacity as Chair of the North Carolina State Board of Elections, STELLA ANDERSON, in her official capacity as a member of the North Carolina State Board of Elections, JEFF CARMON, III, in his official capacity as a member of the North Carolina State Board of Elections, and KAREN BRINSON BELL, in her official capacity as the Executive Director of the North Carolina State Board of Elections,

    Defendants.

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER**

## INTRODUCTION

1. Plaintiff's Motion for Temporary Restraining Order flows from their January 12, 2021 Complaint alleging a December 21, 2020 Order of the North

Carolina Board of Elections ("State Board") violates their rights to Equal Protection and Due Process as cognizable under 42 U.S.C. § 1983[1].

2. Essential facts critical to the case are not in dispute. Indeed, the State Board's own December 21 Order sets out many of them:

- During the November 3, 2020 General Election, voters in Wake County Judicial District 10F (Seat 2) found two options on the ballot: Tim Gunter and Beth Tanner. *Order* at 1. Gunther garnered 56% of the votes, and Tanner the remainder. *Id.*

- The Wake County Board of Elections ("Wake Board") acted on an October 29, 2020 protest of Gunther's candidacy for non-residency in the district on November 18, 2020. The Wake Board disqualified Gunther as a candidate. *Id.*

- The State Board endorsed the Wake Board's disqualification of Gunther, finding he "cannot be certified the winner." *Order* at 2.

- *Duncan v. Beach,* 294 N.C. 713 (1978) bars the State Board from certifying Tanner's election despite the absence of any other valid candidate. *Id.*

- The State Board relied upon N.C. Gen. Stat. § 128-7.1 as its authority to declare the seat vacant and subject to Gubernatorial appointment. *Order* at 3.

---

[1] The allegations and arguments of Plaintiff's December 12, 20212 complaint are incorporated by reference.

3. A district judge vacancy eligible for Gubernatorial appointment requires the Governor to give "due consideration" to what is effectively a straw poll of the entirety of the relevant district's bar. *See* N.C. Gen. Stat. 7A-142.

4. The 10th District Bar has scheduled such a straw poll for January 26, 2021 via online voting.

## **APPLICABLE LEGAL STANDARD**

Courts addressing either a temporary restraining order or a preliminary injunction apply the same standard. *See Patel v. Moron,* 897 F. Supp. 2d 389, 395 (EDNC 2012). Fed. R. Civ. P. 65(b) and *Patel* require the movant establish the following to obtain a temporary restraining order or a preliminary injunction: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Id.*

## **ARGUMENT**

Plaintiffs can demonstrate each of the four necessary elements to justify issuance of the requested temporary restraining order. They will succeed on the merits because the State Board's reliance upon N.C. Gen. Stat. § 128-7.1 is textually unjustifiable. The Constitutional harms they have suffered will be made irreparable if the Governor fills the relevant seat by appointment. The equities of this matter are firmly in their favor, and an injunction restoring their right to vote in a new election for the instant seat is in the public interest.

3

1. **Plaintiffs will succeed on the merits because the State Board's reliance upon N.C. Gen. Stat. § 128-7.1 to afford the Governor appointment authority is misplaced.** The Board's Order claims Section 128-7.1 provides the mechanism for filling a vacancy when a candidate dies or becomes disqualified after election day. *See* Order at 3, parag. 9. This is accurate if a significant textual predicate is first met. Specifically, Section 128-7.1 begins with the text: "[i]f any person who has been elected to public office…." That predicate fails here because no one was elected to the District 10-F (Seat 2) position. Gunther was disqualified and never certified.

Where state officials violate state law to favor of appointment power over electorate power, *Duncan v. Poythress,* 657 F.2d 691 (5th Cir. 1981), provides a roadmap that shows Plaintiffs will prevail on their due process claims. *Duncan* presented a fact pattern where Georgia officials schemed to avoid a special election to fill a supreme court vacancy but rather to fill it by appointment. *See Duncan,* 657 F.2d 692-95. "It is fundamentally unfair and constitutionally impermissible for public officials to disenfranchise voters in violation of state law so that they may fill the seats of government through the power of appointment." *Duncan* at 704. It went on to affirm the district court's ruling in favor of those plaintiffs' Section 1983 claim and order for a special election to fill the seat. *Id.* at 708. The same ruling should evince here.

Plaintiff's Equal Protection claims are similarly likely to prevail on the merits. This Court recently discussed the applicable *Reynolds-Bush* framework in

its October 3, 2020 Order related to the State Board's conduct in *Moore v. Circosta*, 5:20CV-507-D (EDNC 2020). There, the Court noted both vote dilution and the arbitrary treatment of voters can violate the Equal Protection Clause. *See Moore* Order at 13-14. Here, the seat at issue was created to be filled by and through the November 3, 2020 general election. *See* N.C. Session Law 2020-84. Nothing is more arbitrary than denying that right to voters in District 10-F than doing so on the basis of a textually inapplicable vacancy statute. Nothing dilutes Plaintiffs' rights to vote to fill the seat more than abridging it altogether, as stand to happen here. These Plaintiffs, like those in *Moore*, stand to succeed on the merits of this claim as well.

2. **Plaintiffs will suffer irreparable harm if an appointment is not enjoined.** If the Court were to let the State Board's December 21 Order stand, then the conclusion of the upcoming 10th District Bar straw poll will provide the Governor with the prerequisite opportunity for "due consideration" he needs to fill the seat by appointment. Even if the litigation continued thereafter and ultimately resulted in a new election, Plaintiffs stand to campaign against an incumbent with the electoral benefits of incumbency. More importantly, the legislative intent of Session Law 2020-84 giving these voters the property interest of the power to fill the new seat by election would be entirely frustrated.

3. **The equities of this matter are overwhelmingly in favor of the Plaintiffs.** The State Board's purported resolution of this matter affords the Governor authority to fill the seat after giving due consideration to the top five

5

candidates in the upcoming 10th District Bar straw poll. Tim Gunther, the disqualified candidate that created this situation, is a member of that Bar and - even though he does not live in the district and is ineligible to run in it - ostensibly has the right to vote in the straw poll and thereby inform the Governor's appointment authority. Plaintiffs submit the Court should step in to stop such an outrageous turn of events.

4. **The public interest lies with the Plaintiffs.** The State Board's December 21 Order relied, in substantial part, upon *Duncan v. Beach*, 294 N.C. 713 (1978), as the basis for denying Tanner's claim to the seat as the only valid candidate that stood for election. While the Board's reliance on this precedent is astute as to that issue, the same case points out another concern this Court's action here could avoid. A broad swath of *Duncan v. Beach* explores the validity of acts and rulings by an illegitimate judge. *See Duncan v. Beach,* 294 N.C. at 719-21 (establishing difference between a judge *de facto* and a judge *de jure*). The public's interest in clarity as to how and when this seat may be filled is manifest; sorting out the impact of some interregnum period should be avoided.

## REGARDING THE BOND REQUIREMENT FOR A TRO

Federal Rule of Civil Procedure 65(c) requires the movant to give security in an appropriate amount to potentially pay damages in the event such costs are sustained by the wrongfully enjoined. The court also has discretion to waive the security requirement or set it at a nominal amount. *See Pashby v. Delia,* 709 F.3d 307, 332 (4th Cir. 2013). Plaintiffs submit the Defendants will suffer no costs or

6

quantifiable damages from the proposed restraining order and therefore submit the Court should waive the bond requirement in this matter.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court enter a temporary restraining order enjoining Defendant Cooper from filling the seat at issue by appointment until such time as the Court might resolve the broader case up to and including an order directing a new election for Wake District Judge 10-F (Seat 2).

Respectfully submitted, this the 15th day of January, 2021.

/s/   Joshua Howard
Joshua Howard
NC Bar No. 26902
Gammon, Howard & Zeszotarski, PLLC
115 ½ West Morgan Street
Raleigh, NC  27601
(919) 521-5878
Fax:  (919) 882-1898
jhoward@ghz-law.com
Counsel for Plaintiffs

7

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.2(e), I certify that this memorandum does not exceed the pages allowed and contains 1,632 words.

/s/   Joshua Howard
Counsel for Plaintiffs

# CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing MEMORANDUM through email and the electronic service function of the Court's electronic filing system, as follows:

Terrance Steed
N.C. Dept. of Justice
PO Box 629
Raleigh, NC 27602
tsteed@ncdoj.gov

Katelyn Love
430 N. Salisbury St.
Raleigh, NC 27603
katelyn.love@ncsbe.gov

This the 15th day of January, 2021.

/s/   Joshua Howard
Counsel for Plaintiffs